A N information was filed against the defendant by the attorney general, at the District Court of Hen-rico, for a misdemesnor in carrying a challenge from T. L. Smith to William Fenwick, to fight a duel. The defendant being summoned, appeared by his attorney in September, 1808, and pleaded not guilty. The cause was further continued at April, 1809, and at the Circuit Court of Henrico, in September, 1809, a trial was had, the jury found him guilty, and assessed his fine to three hundred dollars. A capias was thereupon awarded against the defendant, returnable at the next term, ad audiendum judicium. At the next term, in April, 1810, the capias not being returned, an alias capias was awarded against the defendant, returnable at the next term. At the term of the said circuit court in September, 1810, the defendant not being in court, his counsel moved the court to set aside the verdict rendered on the information aforesaid, and to grant him a new trial thereon. The circuit court adjourned the motion to the general court for their opinion thereon, as well as on this point, whether a judgment in this case can legally be rendered against the defendant until he shall be in court to hear such judgment,
*173 In the general court, November 1810, Wirt for the defendant, said that the first point to be considered was, whether a new trial in a criminal case could be grantéd at a subsequent term after the verdict, but before judgment was rendered. In England the rule is, that all new trials must be moved for within four days of the begin" ning of the term of the court of king’s bench; this relates to causes tried in the vacation of that court. The rule applies as well to criminal as to civil cases; but it is frequently dispensed with. To prove this he referred to Birt v. Barlow, Douglass, 170. He referred to 5th Term Rep. 436, Rex v. Holt, to prove that although the defendant in a criminal case cannot regularly move for a new trial after the four days, yet if the court incidentally discovers afterwards, that substantial justice has not been done, the verdict will be set aside; and the defendant’s counsel will be allowed to offer any thing to shew that justice has not been rendered to him. He also referred to Doug. 797, Rex v. Gough, which shews that on the report of the evidence if the court thinks the defendant ought not to have been convicted, they will for ever postpone pronouncing judgment, or will grant a new trial. As to the second point, whether judgment can be entered against the defendant in his absence, that depends upon the nature of the judgment; if the judgment be for a fine only, it may be rendered in his absence; but if' it be for imprisonment, the defendant must be personally *174 present. (Hawk. P. C. book 2, ch. 48. sect. 17. Salkeld, 56. 400.) He contended that in case of misdemeanors, it was discretionary with the court whether they would imprison or not. To prove this position, he referred to 1 Siderfin, 186. Keble, 694. Hobart, 120. See Noy’s Reports, 103, for the offence of suppressing a will, a fine only was imposed. Ib. p. 99, sundry cases of misdemeanor where fine only was imposed. Cro. Jac. 497-8, a case of cheats, in which the party was neither fined, nor imprisoned, but pilloried.
The attorney general said that it would be an extremely inconvenient practice, to sustain motions for new trials at the second, third, or fourth term after trial; by such delay evidence would frequently be lost, and injustice done. The defendant could not complain if his motion was not heard, since he could always appear at the time of the trial, or at an early day,afterwards,and shew cause why the verdict should be set aside.
In this case, he said, the defendant did not properly come before the court to ask for anew trial. Such an application should never he made in a criminal case, unless the party be personally present in court.
He referred to 4 Blackstone 150, and to Hawk. P. C. Book 1st, Ch. 63, Sect. 3. to shew that the offence with *175 which the defendant was charged, was one of a high nature, and was punishable by fine and imprisonment, and that consequently, the party ought to be present to hear judgment against him, the court being bound to imprison, him, if found guilty.
Wirt. In the case of Rex v. Gough, several years elapsed between the conviction by the jury, and the day when he was brought up to hear judgment, at which time a new trial was granted.
November 21st, 1810. The court, consisting of Judges William Nelson, White, Coalter, Hugh Nelson, and Brockenbrough, gave their opinion, “ that the superior “ court of law for Henrico may grant a new trial in this “ cause, although the said motion was not made until “ the second term after the said verdict was rendered: “ The court is further of opinion that as the courts of “ this commonwealth may, in cases like the present, in “ the exercise of a sound discretion, render judgment “ for the fine only, so if that should seem to the said superior court to be the proper judgment in this case, “ such judgment may be rendered in the absence of the “ defendant. But that in no case whatever, except where “ some statute hath otherwise directed, can judgment of “ imprisonment, or any other corporal punishment be “ rendered, unless the defendant be present in court.”